UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION


AL FRANKLIN,

                Plaintiff,

      v.                                   Case No. C-1-01-220

MIAMI UNIVERSITY,

                Defendant.


**ORDER**

This matter is before the Court upon defendants' renewed motion for summary judgment (doc. 34), plaintiff's opposing memorandum (doc. 38), defendants' reply (doc. 42), defendants' proposed findings of fact and conclusions of law highlighted by plaintiff (doc. 41), and plaintiff's proposed findings of fact and conclusions of law highlighted by defendants (doc. 42, attachment).

**I. Introduction**

Plaintiff originally filed this action pro so against defendants Miami University and Roberta Gayhart, a supervisory employee of the University, claiming race discrimination and generally alleging "harassment[,] mental and physical." On December 28, 2002, defendants moved for summary judgment claiming that they had not discriminated against plaintiff on account of his race. Plaintiff subsequently filed an amended complaint through counsel in which

he omitted his race discrimination claim and alleged only sex discrimination in violation of Title VII and 42 U.S.C. § 1981a and under O.R.C. § 4112.02 and § 4112.99 (doc. 24).

Plaintiff makes the following allegations in the amended complaint: Plaintiff was forced to accompany Gayhart for social purposes as part of his employment. The University allowed the opportunity for socialization between management and employees that caused significant embarrassment for plaintiff. After rebuking Gayhart's sexual advances, plaintiff was "punished in his position by supporting the dismissal of an employee for causing him harm in his property and his employment". By reason of the intimidating and hostile work environment, plaintiff was forced to resign his position on March 26, 2002. Although plaintiff complained of the intimidation and hostile work environment on numerous occasions, defendant did nothing to remedy the situation and failed to provide plaintiff with proper protection from further sexual harassment in his position.

Based on these allegations, plaintiff brings a claim for sex discrimination against both defendants under Title VII, claiming that he made serious efforts to perform his position as a laborer but was systematically denied opportunities to make sales in his position[1], that the University's "sexually discriminatory conduct was based upon the fact that [plaintiff] is a male", and that the University did nothing to remedy plaintiff's complaint of a hostile work environment. Plaintiff brings a second claim for sex discrimination under state law claiming that the earlier-described conduct of defendant constitutes unlawful sex discrimination and harassment in violation of O.R.C. §§ 4112.02 and 4112.99.

---

[1] This particular allegation has no apparent connection to plaintiff's case, leading the Court to assume that plaintiff included it in the amended complaint by error.

On June 26, 2002, the Magistrate Judge issued a Report and Recommendation on defendants' first motion for summary judgment recommending (1) that summary judgment be granted in defendants' favor on plaintiff's original claim of race discrimination, and (2) that plaintiff be allowed to proceed on his claim of sex discrimination since plaintiff had not added that claim until after defendants filed their motion for summary judgment and defendants therefore had not specifically addressed that claim in their motion (doc. 26). By Order dated August 30, 2002, the Court adopted the Report and Recommendation (doc. 28).

Defendants filed their renewed motion for summary judgment on February 10, 2003. They move for summary judgment on the following grounds: (1) Defendant Gayhart is not subject to suit under Title VII; (2) plaintiff has not provided factual evidence to establish a prima facie hostile environment claim; (3) plaintiff's Title VII claim that he was forced to resign his position is barred by his failure to comply with applicable procedural requirements; and (4) if plaintiff's Title VII claim is dismissed, the Court should decline to exercise supplemental jurisdiction over plaintiff's state law claim or, in the alternative, should dismiss that claim based on immunity under the Eleventh Amendment to the United States Constitution.

Plaintiff opposes defendants' motion. Plaintiff concedes that he cannot bring a claim against Gayhart under Title VII but asserts that a supervisory employee may be held liable for discrimination under state law. Plaintiff claims that he was forced from his position after having rebuked advances by Gayhart and after having suffered harassment by her as a consequence of such rebukes. Plaintiff contends that his allegation is supported by the sworn affidavit of Mr. Aric Estridge dated November 12, 2000, and that the affidavit shows that a prima facie case of discrimination has been made. Plaintiff further contends that his Title VII claim is not

procedurally barred because his amended complaint complies with Fed. R. Civ. P. 15 and relates back to the date of the original pleading in that the termination of his employment arose from the same facts giving rise to the original complaint and the EEOC charge.

In reply, defendants argue that this Court lacks jurisdiction over the state law claim against Gayhart because plaintiff has not obtained a determination from the Ohio Court of Claims as to whether plaintiff may proceed against Gayhart under applicable Ohio law. Defendants also allege that Estridge's affidavit cannot defeat summary judgment because it does not state that it is based on personal knowledge, many of the assertion contained therein would not be admissible into evidence, it does not affirmatively show that Estridge is competent to testify to the matters stated therein, and it does not set forth specific facts showing that there is a genuine issue for trial. Defendants have submitted a more recent affidavit by Estridge which clarifies his prior statement that Gayhart touched plaintiff "in a familiar manner and harassed him" and states that Estridge never observed any conduct which was in any way sexual. Defendants further assert that they do not challenge the timeliness of the amended complaint but allege that plaintiff failed to file an EEOC charge related to termination of his employment within three hundred days after the termination.

## II. Undisputed facts

1. Plaintiff was initially employed as a Building Services Worker at Miami University on a part-time basis beginning on or about July 31, 1997.
2. Plaintiff's status was changed from part-time to full-time on January 29, 2000.
3. Defendant Roberta Gayhart is employed at Miami University as a Building Service Supervisor. She was plaintiff's supervisor at all relevant times.

4.  Plaintiff originally filed this action on April 16, 2001.

5.  Plaintiff filed a charge against Miami University with the Equal Employment Opportunity Commission (EEOC) on February 2, 2001. EEOC issued its 90-day Dismissal and Notice of Rights on February 7, 2001.

6.  Plaintiff's employment was terminated effective April 16, 2002, for failure of good behavior and neglect of duty.

### III. Summary judgment standard

Fed. R. Civ. P. 56 allows summary judgment to secure a just and efficient determination of an action. This Court may only grant summary judgment as a matter of law when the moving party has identified, as its basis for the motion, an absence of any genuine issue of material fact. ***Celotex Corp. v. Catrett***, 477 U.S. 317, 327 (1986).

The party opposing a properly supported motion for summary judgment "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." ***Anderson v. Liberty Lobby***, 477 U.S. 242, 248 (1986) (quoting ***First Nat'l Bank of Arizona v. Cities Serv. Co.***, 391 U.S. 253 (1968)). The evidence of the nonmovant is to be believed and all justifiable inferences are to be drawn in his favor. ***Anderson***, 477 U.S. at 255 (citing ***Adickes v. S.H. Kress & Co.***, 398 U.S. 144, 158 (1970)).

The court is not to weigh the evidence and determine the truth of the matter but is to decide whether there is a genuine issue for trial. ***Anderson***, 477 U.S. at 249. There is no genuine issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. ***Id.*** at 249 (citing ***Cities Serv.***, 391 U.S. at 288-289). If the evidence is merely colorable, ***Dombrowski v. Eastland,*** 387 U.S. 82, 84 (1967), or is not

significantly probative, *Cities Serv.*, 391 U.S. at 290, judgment may be granted. *Anderson*, 477 U.S. at 249.

### IV. Applicable law

Claims of sex discrimination under Ohio law are to be analyzed under the same evidentiary framework applicable to a Title VII claim. *Mitchell v. Toledo Hospital,* 964 F.2d 577, 582 (6th Cir. 1992). In order to establish an employment discrimination claim, plaintiff must introduce direct evidence of discrimination or prove inferential and circumstantial evidence which would support an inference of discrimination. *Kline v. TVA,* 128 F.3d 337, 348 (6th Cir. 1997). Plaintiff need only prove direct or circumstantial evidence, not both. *Id.* at 348-49.

Sexual harassment may take two forms: (1) hostile environment, and (2) tangible detrimental job action resulting from a refusal to submit to a supervisor's sexual demands (sometimes referred to as a "quid pro quo" claim). *Burlington Industries, Inc. v. Ellerth*, 524 U.S. 742, 753 (1998). To establish a hostile environment claim, the plaintiff must prove harassment which is "sufficiently severe or pervasive 'to alter the conditions of [the victim's] employment and create an abusive working environment.'" *Meritor Sav. Bank, FSB v. Vinson,* 477 U.S. 57, 67 (1986). A prima facie hostile environment case based on sex consists of a showing that (1) plaintiff is a member of a protected class, (2) he was subjected to unwelcome harassment, (3) the harassment was based on his sex, (4) the harassment had the effect of unreasonably interfering with his work performance by creating a hostile, offensive, or intimidating work environment, and (5) there is employer liability. *Hafford v. Seidner,* 183 F.3d 506, 512 (6th Cir. 1999).

The "based on sex" requirement of a hostile work environment claim includes sexually

related remarks and conduct, as well as non-sexual conduct which "evinces anti-[male] animus, and therefore could be found to have contributed significantly to the hostile environment." ***Williams v. General Motors Corp.***, 187 F.3d 553, 565 (6th Cir.1999)(citing ***Lipsett v. University of Puerto Rico,*** 864 F.2d 881, 905 (1st Cir. 1988)). "*Any* unequal treatment of an employee *that would not occur but for the employee's gender* may, if sufficiently severe or pervasive . . . constitute a hostile environment in violation of Title VII." ***Id.*** (emphasis in original).

To satisfy the fourth prong, plaintiff must show that the conduct to which he was subjected was severe or pervasive enough to create an environment that a reasonable person would find hostile or abusive, and that he subjectively regarded the conduct as abusive. See *Smith v. Leggett Wire Co.,* 220 F.3d 752, 760 (6th Cir. 2000)(citing *Jackson v. Quanex Corp.,* 191 F.3d 647, 658-59 (6th Cir. 1999)). In determining whether a reasonable person would consider an environment hostile or abusive and whether a plaintiff perceived it to be so, a court must consider all of the circumstances, including the frequency and severity of the conduct and whether the conduct is threatening or humiliating or a mere offensive utterance, and whether the conduct unreasonably interfered with the employee's work performance. *Hafford,* 183 F.3d at 512. "'[S]imple teasing', offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the 'terms and conditions of employment.'" *Id.* (citing *Faragher v. City of Boca Raton,* 524 U.S. 775, 787-88 (1998)).

Where the plaintiff establishes that he suffered a tangible, detrimental job action based on his refusal to submit to a sexual advance, the employment decision itself constitutes a change in the terms and conditions of employment that is actionable under Title VII. *Ellerth,* 524 U.S. at 753-54. To establish such a "quid pro quo" claim, the plaintiff must prove the following: 1) that he is a member of a protected class; 2) that he was subjected to unwelcome sexual harassment in the form of sexual advances or requests for sexual favors; 3) that the harassment complained of was on the basis of sex; 4) that the plaintiff's submission to the unwelcome advances was an express or implied condition for receiving job benefits or that the employee's refusal to submit to the supervisor's sexual demands resulted in a tangible job detriment; and 5) the existence of employer liability. *Bowman v. Shawnee State University,* 220 F.3d 456, 461 (6th Cir.

2000)(citing **Kauffman v. Allied Signal, Inc., Autolite Div**., 970 F.2d 178, 186 (6th Cir.1992)).

Employer liability for supervisor harassment is vicarious. **Hafford,** 183 F.3d at 513 (citing **Pierce v. Commonwealth Life Ins. Co.,** 40 F.3d 796, 803 (6th Cir. 1994))). As the Supreme Court has explained:

> An employer is subject to vicarious liability to a victimized employee for an actionable hostile environment created by a supervisor with immediate (or successively higher) authority over the employee. When no tangible employment action is taken, a defending employer may raise an affirmative defense to liability or damages, subject to proof by a preponderance of the evidence . . . The defense comprises two necessary elements: (a) that the employer exercised reasonable care to prevent and correct promptly any sexually harassing behavior, and (b) that the plaintiff employee unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm otherwise."

**Id.** (quoting **Faragher,** 524 U.S. at 807). This defense is not available where the harassment culminated in a tangible employment action such as discharge, demotion, or an undesirable reassignment. **Faragher,** 524 U.S. at 808.

Before filing a discrimination lawsuit under federal law, plaintiff must file a charge of discrimination with the EEOC within 300 days of the alleged discriminatory conduct. 42 U.S.C. 2000e-5(e). "It is well settled that federal courts do not have subject matter jurisdiction to hear Title VII claims unless the claimant explicitly files the claim in an EEOC charge or the claim can be reasonably expected to grow out of the EEOC charge." **Weigel v. Baptist Hosp. of East Tennessee,** 302 F.3d 367, 379-380 (6th Cir. 2002)(citing **Strouss v. Mich. Dep't of Corr.,** 250 F.3d 336, 342 (6th Cir. 2001)).

## V. Opinion

### A. Administrative filing requirements

Plaintiff filed a charge of race and sex discrimination with the EEOC on February 1,

2001, claiming that Gayhart had harassed him and that he had been retaliated against for resisting her advances (doc. 34, attachment). The EEOC issued a notice of right to sue on February 7, 2001. Defendants claim that because the EEOC charge was dismissed prior to plaintiff's termination, he was required to file a new charge with respect to the termination. Defendants cite a Ninth Circuit case for the proposition that a plaintiff may seek relief for discriminatory acts not listed in the original charge which are reasonably related to that charge only so long as the related acts occur while the charge is pending before the EEOC. See ***Dosier v. Miami Valley Broadcasting Corp.,*** 656 F.2d 1295 (9th Cir. 1981).

The Court is not convinced that plaintiff is procedurally barred from pursuing his sex discrimination claim to the extent that claim is based on the termination of his employment. Plaintiff's claim that his employment was unlawfully terminated is related to the acts listed in the EEOC charge, and defendants have not cited any binding authority which indicates that plaintiff was required to file a new charge with respect to the termination following institution of this lawsuit. Absent such authority, the Court declines to find that plaintiff is procedurally barred from pursuing his federal sex discrimination claims insofar as the claims relate to the termination of his employment.

### B. Claims against Gayhart

Plaintiff concedes that Gayhart cannot be sued in her individual capacity under Title VII. The Sixth Circuit has stated that supervisory employees likewise cannot be held individually liable under §1981a et seq. ***Morris v. Oldham County Fiscal Court***, 201 F.3d 784, 788 n.1 (6th Cir. 2000)(citing ***Wathen v. General Elec. Co.***, 115 F.3d 400, 405 (6th Cir.1997)). Accordingly, Gayhart is entitled to summary judgment on plaintiff's sex discrimination claim under federal law.

Defendants allege that as a state employee, Gayhart cannot be held liable for sex discrimination under state law unless plaintiff alleges and proves that her actions were manifestly outside the scope of her employment or official responsibilities or that she acted maliciously, in bad faith, or in a wanton or reckless manner. O.R.C. § 9.86. Defendants allege that plaintiff has made no such allegation as to Gayhart and, in any event, the determination of whether Gayhart has acted in this manner must first be made by the court of claims, which has original jurisdiction to determine whether Gayhart is entitled to personal immunity under O.R.C. § 9.86. Defendants contend that until such a determination is made, this Court lacks jurisdiction as to the state law claim against Gayhart.

In determining whether a defendant is entitled to immunity on a supplemental state law claim brought against her in her individual capacity, the federal court must look to state law to ascertain the scope of the immunity granted. ***Haynes v. Marshall,*** 887 F.2d 700, 704 (6th Cir. 1989). In Ohio, state employees enjoy immunity from suit unless the Ohio Court of Claims has determined that there is no entitlement to immunity in a particular case. ***Id.*** O.R.C. § 9.86 provides as follows:

> Except for civil actions that arise out of the operation of a motor vehicle and civil actions in which the state is the plaintiff, no officer or employee shall be liable in any civil action that arises under the law of this state for damage or injury caused in the performance of his duties, unless the officer's or employee's actions were manifestly outside the scope of his employment or official responsibilities, or unless the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner. . .

A civil action asserting that a state officer's or employee's actions were manifestly outside the scope of his employment or that the employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner must first be filed against the state in the Court of Claims, which has

exclusive original jurisdiction to determine initially whether the officer or employee is entitled to immunity under § 9.86. *Id.;* O.R.C. § 2743.02(F), as amended by 2003 Ohio Law Files 12 (Am.Sub.H.B. 95). State employees may not be sued under Ohio law until it has been determined by the Court of Claims that they are not entitled to immunity. **Haynes,** 887 F.2d at 705.

In accordance with the foregoing law, plaintiff's state law claim against Gayhart must be dismissed. Because there has been no determination by the Ohio Court of Claims that Gayhart is not entitled to the immunity provided for under § 9.86, there is no claim under Ohio law upon which relief may be granted against Gayhart in her individual capacity. See **Haynes,** 887 F.2d. at 705. Rather, "the only recognized cause of action lies, initially, against the State of Ohio in the Court of Claims." *Id.* Thus, the court may not exercise supplemental jurisdiction over plaintiff's state law claim against Gayhart.

### C. Title VII claim against Miami University

Plaintiff has failed to come forward with sufficient evidence to demonstrate the existence of a genuine issue of material fact on his Title VII claim against Miami University. Plaintiff does not refer the Court to any deposition testimony in support of his claims. Rather, plaintiff simply repeats a cursory allegation from the amended complaint that he was "forced from his position after having rebuked advances by Defendant Gayhart and suffering harassment from her as a consequence of such rebukes", and he refers the Court to the affidavit of Aric Estridge in support of his allegation. Specifically, plaintiff refers the Court to Estridge's statements that Gayhart "repeatedly touched Al Franklin in a familiar manner and harassed him" and that Gayhart "abused her position as a supervisor in the case against Al Franklin." Estridge's affidavit, standing alone, is insufficient to establish a prima facie hostile environment case. The affidavit provides no

indication that the harassment which Estridge purportedly witnessed was based on plaintiff's sex. Moreover, Estridge provides absolutely no details as the nature of the touching he observed, the frequency of these incidents, or the context in which they incurred. Accordingly, his affidavit does not permit a reasonable inference that the touching was of a sexual nature, that it was directed to plaintiff because of his sex, or that the touching was "sufficiently severe or pervasive 'to alter the conditions of [plaintiff's] employment and create an abusive working environment.'" See *Vinson,* 477 U.S. 57, 67 (1986).[2] While plaintiff obviously subjectively regarded Gayhart's conduct as abusive, the evidence does not permit a finding that a reasonable person would consider plaintiff's work environment to be sexually hostile or abusive. Defendants are therefore entitled to summary judgment insofar as plaintiff alleges that he was subjected to a hostile environment based on his sex.

Plaintiff also apparently asserts a claim of quid pro quo harassment in that he alleges he was forced from his position and harassed by Gayhart for rebuking her advances. Plaintiff does not describe the alleged advances in the amended complaint or in his opposing memorandum other than to assert that Gayhart touched him, that he was forced to accompany Gayhart for social purposes, and that the University allowed the opportunity for socialization between management and employees that caused significant embarrassment for plaintiff. Insofar as plaintiff alleges that he rebuked Gayhart's efforts to touch him, plaintiff's allegations do not support a quid pro quo claim because, for the reasons stated above, plaintiff has not alleged facts which would permit a reasonable finder of fact to construe the touching incidents as sexual advances or conduct directed

---

[2] In fact, defendants have submitted a more recent affidavit by Estridge dated February 28, 2003, in which Estridge clarifies that although he observed Gayhart touching plaintiff while talking to him and attempting to supervise him, he never observed Gayhart "engage in touching or other conduct toward Mr. Franklin that was in any way sexual." (doc. 42, attachment).

toward plaintiff because of his sex. As to his claims regarding socialization between management and employees, plaintiff is apparently referring to incidents mentioned in his interrogatory answers wherein he asserts that Gayhart asked plaintiff to accompany her to a sting orchestra concert given by the University and on other occasions approached him and offered him rides home. Again, however, plaintiff has not provided information which would permit a reasonable trier-of-fact to construe these incidents as sexual advances.

Nor has plaintiff provided any details which would permit an inference of a causal connection between the incidents and any subsequent disciplinary action, such as when the alleged sexual advances occurred, the timing of the disciplinary action which allegedly followed, and who took disciplinary action against plaintiff. Plaintiff states in his answers to interrogatories that he was written up on more than one occasion, but he provides no information whatsoever regarding the nature of the write-ups or any information which suggests a link between Gayhart's alleged harassment and the write-ups. Plaintiff's general statements that he was written up and eventually discharged after rebuking Gayhart's alleged sexual advances are simply insufficient to permit a finding in plaintiff's favor on a quid pro quo claim. Because plaintiff has failed to come forward with sufficient evidence to create a genuine issue of material fact as to a quid pro quo claim, defendant is entitled to summary judgment on such claim.

In addition to offering the Estridge affidavit, plaintiff seeks to avoid summary judgment by arguing that defendants have dissected his answers to interrogatories and provided those answers to the court "in an attempt to hoodwink this court into granting summary judgment." (Doc. 38, p. 4). Plaintiff has not, however, shown in what respects the interrogatories and answers cited by defendants are misleading or how use of those answers is improper. In any event, the

Court has not relied on the interrogatories for any reason other than to attempt to understand and flesh out plaintiff's cursory allegations and ill-defined claims. Thus, defendants' use of the interrogatory answers has not negatively impacted plaintiff's ability to establish a prima facie case of sexual harassment.

To conclude, in order to survive summary judgment, plaintiff must go beyond merely alleging sex discrimination and must set forth specific facts showing that there is a genuine issue for trial. Plaintiff has failed to satisfy his burden. Accordingly, Miami University is entitled to summary judgment on plaintiff's Title VII claim.

### D. State law claim against Miami University

Plaintiff's state law claim against Miami University for damages for employment discrimination under O.R.C. §§ 4112.01 and 4112.99 is barred by the Eleventh Amendment. See *Spires v. Ohio State University*, 2001 WL 506511, *6 -7 (S.D. Ohio 2001)(unpublished decision); O.R.C. § 3345.011 (recognizing Miami University as a state university). Even if the Eleventh Amendment did not bar plaintiff's state law claim against the University, the Court would nevertheless decline to exercise supplemental jurisdiction over the claim pursuant to 28 U.S.C. §§ 1367(c)(3) since the Court has determined to dismiss all of the federal claims.

### VI. Conclusion

In accordance with the foregoing, defendants' motion for summary judgment is **GRANTED.** Plaintiff's claims under federal law are **DISMISSED** with prejudice. Plaintiff's state law claims are **DISMISSED** without prejudice. This case is **TERMINATED** on the docket of the Court at plaintiff's cost.

**IT IS SO ORDERED.**

                        S/Herman J. Weber
                    HERMAN J. WEBER
     SENIOR JUDGE, UNITED STATES DISTRICT COURT

J:\HJWA\01-220msj.wpd